IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WILLINGHAM,<br><br>    Plaintiff,<br>  v.<br><br>COUNTY OF SAN MATEO, DISTRICT ATTORNEY JAMES P. FOX, DALY CITY, CHIEF OF POLICE GARY S. McLANE, STEVEN DINKELSPIEL, SGT. GRIGGS (#17), TRACY MARTIN,<br><br>    Defendants<br>_____/ | No. C-04-4592 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; VACATING HEARING**<br><br>(Docket Nos. 13, 16) |

    Before the Court are two motions to dismiss plaintiff Darryl Willingham's complaint: (1) the motion of defendants County of San Mateo, District Attorney James P. Fox, and Deputy District Attorney Steven Dinkelspiel ("County defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and (2) the motion of City of Daly City, Chief of Police Gary S. McLane, and Sergeant Griggs ("City defendants"), also pursuant to Rule 12(b)(6).[1]  Plaintiff has filed opposition, to which County defendants and City defendants have separately replied.  Having reviewed the papers filed in support of and in opposition to the motions, the Court deems the matters appropriate for decision on the papers, VACATES the hearing scheduled for June 17, 2005, and rules as follows.

---

[1] City defendants also filed a joinder in County defendants' motion to dismiss.

## BACKGROUND

In his complaint, plaintiff alleges a claim under 42 U.S.C. § 1983. Plaintiff's claims arise from his allegation that he was "wrongfully convicted" in 1993 of "sex crimes" against two women. (See Complaint ¶ 12.) Plaintiff alleges that City defendants, when questioning plaintiff, never told plaintiff he was a suspect in a rape case and that, had he been told, he would have sought the assistance of counsel. (See id. ¶ 14.) Plaintiff also alleges that, during the criminal trial, County defendants (1) encouraged jurors to disregard the court interpreter's translations in favor of a juror's translations, (see id. ¶ 13), (2) offered improperly-obtained statements of plaintiff that had been obtained by City defendants during the questioning, thereby "forc[ing]" plaintiff to testify and waive his privilege against self-incrimination, (see id. ¶ 14), and (3) withheld "certain exculpatory statements" made by the victims, (see id. ¶ 15). Plaintiff alleges the above-referenced actions resulted in plaintiff's receiving an unfair trial. (See id. ¶¶ 12-20.)[2]

As relief, plaintiff seeks damages and a court order requiring defendants to relieve plaintiff of any requirement that he register as a sex-offender, to not charge him with a crime if he fails to register as a sex-offender, and to remove plaintiff's name from any sex-offender registration or index. (See id., Prayer.) Additionally, plaintiff seeks to "over-turn the criminal judgments against him." (See id. ¶ 22.)

## DISCUSSION

As noted, plaintiff alleges he was wrongfully convicted. County defendants, joined by City defendants, argue that plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).

"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

---

[2] Plaintiff also alleges that defendant Tracy Martin ("Martin"), a parole officer, knew plaintiff had a "right to be released from parole on or before November 8, 2003, but kept [p]laintiff on parole until November 10, 2003." (See id.). Martin has not moved to dismiss plaintiff's complaint and has, instead, filed an answer. Consequently, plaintiff's claims against Martin are not the subject of the instant order.

conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 487. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. Furthermore, "[t]he fact that [the plaintiff] is no longer in custody and thus may not be able to overturn his prior convictions by means of habeas corpus does not preclude Heck's bar." Guerrero v. Gates, 357 F.3d 911, 917 (9th Cir. 2004).

      Here, plaintiff alleges his constitutional rights were violated because of actions taken by County defendants and City defendants, which resulted in plaintiff's being deprived of a fair criminal trial and, as a consequence thereof, his subsequent conviction. (See Complaint ¶¶ 12-20.) Plaintiff's claims against the moving defendants, by definition, fall within the bar set forth in Heck. Indeed, courts have recognized that a § 1983 claim based on the same types of conduct plaintiff challenges herein necessarily implies the invalidity of a conviction. See, e.g., Heck, 512 U.S. at 479, 490 (holding claim barred where plaintiff alleged police engaged in unlawful investigation that led to plaintiff's arrest, because claim necessarily implied plaintiff's conviction was invalid); id. (holding claim barred where plaintiff alleged prosecutors and/or investigators destroyed exculpatory evidence, because claim necessarily implied plaintiff's conviction was invalid); Hamilton v. Lyons, 74 F. 3d 99, 103 (5th Cir. 1996) (holding claim barred by Heck, where plaintiff alleged prosecutor introduced as evidence statements obtained in violation of plaintiff's right against self-incrimination); Molina v. Kaye, 956 F. Supp. 261, 264 (E.D. N.Y. 1996) (holding claim barred by Heck, where plaintiff alleged testimony of non-English speaking

witness was inaccurately translated).  Moreover, plaintiff, by seeking as a remedy herein an order setting aside his conviction and/or relieving him of the collateral consequences of his conviction, has essentially conceded that a judgment in the instant action in his favor would necessarily imply the invalidity of his conviction.  Accordingly, the Court finds plaintiff's claims against County defendants and City defendants fall within the scope of Heck.

In his complaint, plaintiff does not allege, as is required to avoid the bar set forth in Heck, that his conviction has been reversed or otherwise set aside.  Consequently, plaintiff's claims against County defendants and City defendants are subject to dismissal. In his opposition, plaintiff admits he intends to use discovery obtained in the instant case to support a petition for a writ of error coram nobis to set aside his conviction, (see Pl.'s Opp., filed May 2, 2005, at 11:17 - 18:1), thus conceding that he cannot, in an amended complaint, allege that his conviction has been set aside.  Under the circumstances, dismissal of the claims barred by Heck without leave to amend is proper.[3]

## CONCLUSION

For the reasons set forth above, the motions to dismiss filed by County defendants and by City defendants are hereby GRANTED, and plaintiff's claims against such defendants are hereby DISMISSED without leave to amend, and without prejudice to refiling in the event plaintiff's conviction is set aside.

**IT IS SO ORDERED.**

Dated: May 31, 2005                                /s/ Maxine M. Chesney
                                                   MAXINE M. CHESNEY
                                                   United States District Judge

---

[3] In light of the Court's holding on this issue, the Court does not address the alternative arguments made by County defendants and City defendants.

4