IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WILLINGHAM,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>    Defendants | No. C-04-4592 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; VACATING HEARING** |

    Before the Court is defendant Tracy Martin's ("Martin") motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Darryl Willingham ("Willingham") has filed opposition, to which Martin has replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the motion suitable for decision on the papers, VACATES the hearing scheduled for November 18, 2005, and rules as follows.

    In his complaint, Willingham alleges that his constitutional rights were violated when he was discharged from parole on November 10, 2003, instead of on November 8, 2003, the date plaintiff believes he should have been discharged. It is undisputed that Willingham, who was convicted of "sex crimes," (see Compl. ¶ 12), was originally scheduled to be released from prison on November 10, 2000, to be followed by a three-

year period of parole.  (See Martin Decl., filed October 7, 2005, ¶ 3.)[1]  Because November 10, 2000 was a Friday, however, the California Department of Corrections and Rehabilitation ("CDCR"), acting pursuant to § 3060.7(d) of the California Penal Code,[2] released Willingham from prison on November 8, 2000, a Wednesday.  (See Martin Decl., filed October 7, 2005, ¶ 5 and Ex. 1.)  Thereafter, Willingham received "documents" indicating he would remain on parole until November 10, 2003 and he told Martin, his parole officer, that his parole discharge date should be November 8, 2003, i.e., three years from November 8, 2000.  (See Willingham Decl., filed October 28, 2005, ¶ 5.)  According to Willingham, Martin initially advised Willingham that he would be discharged from parole on November 8, 2003, but later advised Willingham that he would not be discharged until November 10, 2003.  (See id. ¶¶ 5-6.)  Willingham states that because he thereafter was discharged from parole on November 10, 2003, rather than on November 8, 2003, he "miss[ed] an important family matter, causing [him] great distress and emotional upset."  (See id. ¶ 7.)

Willingham argues that because he was released from prison two days earlier than scheduled as a result of application of § 3060.7(d), his term of parole began to run on the earlier release date, rather than from the scheduled release date.  Martin, although disagreeing with Willingham's interpretation of the applicable state statutes, argues she is entitled to summary judgment because, even if Willingham was entitled to be discharged from parole on November 8, 2003, he cannot show she was responsible for the two-day delay.  The Court agrees.

"A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to

---

[1] Willingham was subject to a maximum parole term of three years.  See Cal. Penal Code § 3000(b)(1).

[2] Section 3060.7(d), as applicable to Willingham, provides that the CDCR "shall release an inmate . . . one or two days before his or her scheduled release date if the inmate's release date falls the day before a holiday or weekend."  See Cal. Penal Code § 3060.7(d).

perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains." Leer v. Murphy, 844 F. 2d 628, 633 (9th Cir. 1988) (internal quotation and alterations omitted). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Id.; see, e.g., Bergen v. Spaulding, 881 F. 2d 719, 721 (9th Cir. 1989) (holding plaintiff released from prison 21 days late stated § 1983 claim against defendants who "refus[ed] to perform [their] duty" to determine plaintiff's proper release date).

Martin offers evidence that her job duties do not include determining parole dates, but, rather, enforcing parole dates calculated by CDCR officials in another division. (See Martin Decl. ¶ 2.) Additionally, Martin offers evidence that she uses an "OBIS" computer system to ascertain a parolee's discharge date and that, using the OBIS system, she learned that Willingham was scheduled to be discharged from parole on November 10, 2003. (See id. ¶¶ 2, 3.) In opposition, Willingham fails to offer any evidence to dispute Martin's showing. As a result, it is undisputed that Martin did not determine or change Willingham's parole discharge date and, further, that she did not have the authority to change the discharge date, even if she so desired. Indeed, California law provides that the entity responsible for considering an inmate's requests "regarding the length of his or her parole" is the Board of Prison Terms ("BPT"). See Cal. Penal Code §§ 3000(b)(4), (b)(7). Consequently, Willingham has not brought this action against the parties potentially responsible for any miscalculation of his parole discharge date, i.e., the officials within the CDCR or BPT having such responsibility.[3] See Leer, 844 F. 2d at 634 (holding plaintiff, to establish § 1983 claim, "must establish individual fault" against each defendant from whom he seeks damages).

In sum, assuming, arguendo, Willingham's federal constitutional rights were violated when he was discharged from parole on November 10, 2003 instead of November 8, 2003,

---

[3] Willingham does not offer any evidence, or even allege, that Martin acted contrary to any determinations made by the CDCR and/or BPT.

3

Willingham fails to offer evidence to support a finding that any such violation was caused by an act or omission of Martin. Accordingly, Martin is entitled to summary judgment.

## CONCLUSION

For the reasons stated above, Martin's motion for summary judgment is hereby GRANTED. Because Willingham's claims against all other defendants have been dismissed, the Clerk shall enter judgment in favor of defendants.

**IT IS SO ORDERED.**

Dated: November 7, 2005

MAXINE M. CHESNEY
United States District Judge